

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann                    AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Fred Norris                 Opinion No. O-2405
County Auditor                   Re: Highways - Pipe Lines
Polk County
Livingston, Texas

Dear Sir:

        Your request for opinion has been received and care-
fully considered by this department. We quote from your letter
of request as follows:

        "Attached you will find a copy of a franchise,
    that Polk County made with or to SHELL PIPE LINE
    CORPORATION, in 1931, which is self explanatory. With
    this franchise and the laws of Texas, please advise me
    on the following:

        "Under the above authority SHELL PIPE LINE COR-
    PORATION laid pipe lines and erected telephone lines
    in Polk County, under, above, etc. the roads of Polk
    County, then in 1938 Polk County was called upon by
    the State highway Dept. to secure right-of-way for
    various highway constructions most of which was newly
    located, along the old highways, then it followed
    that the SHELL PIPE LINE CORPORATION was called upon
    to lower their pipe in several places and to case
    said pipe at these new locations, some of these new
    locations was only a few yards of the old location,
    but the above mentioned work was necessary.

        "About December 1938, SHELL PIPE LINE CORPORA-
    TION presented Polk County with an account, represent-
    ing that this was cost on said job, Polk County Com-
    missioners Court passed an order that same be paid,
    but I refused to sign said warrant, and to date they
    have not received their money, however they now demand
    that this account be paid.

        "I refused to sign this warrant, because I was of
    the opinion that their franchise called for them to do
    this kind of work at their own expense, for the privi-
    lege of crossing, etc. our roads at their will and
    pleasure same being the only consideration that Polk
    County received for said franchise.

"Now the present Commissioners Court, at a recent meeting rescinded the order that their predecessors passed, ordering that this account be paid. (The present court says not to pay this account.)

"Please advise, as to your opinion, as to whether Polk County owes SHELL PIPE LINE CORPORATION anything or not."

The order of the commissioners' court, attached to your letter, reads as follows:

"ORDER

"Now, on this the 13th day of July, 1931, The Board of County Commissioners, of Polk County, Texas, having convened in regular call, pursuant to law, and it appears that the following members of said Board were present, to-wit:

W. J. Tullos,
County Judge, Polk County

John McLeod,
Commissioner, Pre. #2

Carl Bergman,
Commissioner, Pre. #3

Fred Handley,
Commissioner, Pre. #4

"And it appearing that said meeting has been in all things lawfully convened and there coming on for hearing the application of the SHELL PIPE LINE CORPORATION, praying for authority to use certain highways and public places in Polk County for the purpose of laying pipe lines in Polk County and erecting a line or lines of poles with telephone and telegraph wires thereon, and said application having been duly considered, and it appearing that the same ought to be granted.

"NOW, IT IS ORDERED, CONSIDERED AND ADJUDGED, that said SHELL PIPE LINE CORPORATION, its successors and assigns are granted authority to use the highways and public places of the County of Polk, State of Texas, and to lay thereon, through, over, under and across the said highways and public places in said County, pipes and pipe lines for the transportation of oil, petroleum and/or any of its products, gas, water, refined oil and other substances and/or any thereof, with the right to construct, reconstruct, replace,

renew, maintain, repair, operate, change the size of, and remove said pipes and pipe lines.

"There is also granted the said Shell Pipe Line Corporation, its successors or assigns, the right to erect and maintain, through, under and across said highways and public places of the County of Polk, State of Texas, a line or line of poles, with telephone and telegraph wires thereon, and also the right to lay adjacent to and parallel with the first pipe line or lines other pipe lines; and the said grantee, its successors and assigns, is granted the right of ingress and egress to and from said lines or any of them, for the purposes of construction, inspection, repairing, renewing, operating, changing the size of, or removing the same, together with the right of removal of such, in whole or in part; said grantee, its successors or assigns to select the route of such lines. _Provided, that all pipe laid under this authority shall be buried to a proper depth and not to interfere with the ordinary use for public purposes of the premises herein referred to_. (Underscoring ours)

"Done by the Board of County Commissioners of Polk County, Texas this 13th day of July, 1931.

"ATTEST:

<u>Alex Jones</u>                    <u>W. J. Tullos</u>
                               Chairman of the Board.

(SEAL)
Filed July 13th, 1931
<u>Alex Jones</u>
County Clerk, Polk County, Texas."

Article 1497, Vernon's Texas Annotated Civil Statutes, reads as follows:

"Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, right of way, easements and property of any person or corporation. Such corporation shall have the right to lay its pipes and pipe lines across and under any public road or highway or under any railroad, railroad right of way, street railroad, canal or stream in this State, and to lay its pipes and pipe lines across or along and under any street or alley in any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town. _No pipe lines shall be laid parallel with and on any public highway,_

closer than fifteen feet from the improved section thereof, except with the approval and under the direction of the commissioners court of the county in which such highway is located.  Said pipes and pipe lines shall be so buried and covered as not to interfere with the use and occupancy of such road, highway, street or alley by the public, or use and occupancy of such railroad or street railroad by the owner or owners thereof. Such pipes or pipe lines shall not pass through or under any cemetery, church or college, school house, residence, business, or storehouse, or through or under any building in this State, except by the consent of the owner or owners thereof.  All such pipes and pipe lines, when same shall pass through or over the cultivated or improved lands of another, shall be well buried under ground at least twenty inches under the surface, and such surface shall be properly and promptly restored by such corporation unless otherwise consented to by the owners of such land.  When such pipes and pipe lines shall be laid over or along any uncultivated or unimproved lands of another, and such lands shall thereafter become cultivated or improved, such pipes or pipe lines shall be buried by said corporation as herein provided for cultivated lands, within a reasonable time after notice by the owner of such lands, or his agent, to said corporation or any agent thereof."  (Underscoring ours)

Article 6022, Vernon's Texas Annotated Civil Statutes, reads as follows:

"Every person, firm, corporation, limited partnership, joint stock association, or association of any kind whatsoever owning, operating or managing any pipe line, or any part of any pipe line within this State for the transportation of crude petroleum that is declared by this title to be a common carrier, shall have the right and power of eminent domain in the exercise of which he, it or they may enter upon and condemn the lands, rights of way, easements and property of any person or corporation necessary for the construction, maintenance or operation of his, its or their common carrier pipe line; and shall have the right to lay his, its or their pipes or pipe lines under any railroad, railroad right of way, street railroad, canal or stream in this State; and along and under any street railroad, canal or stream in this State; and along and under any street or alley in any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town; and across and under any public road, provided that no pipes or pipe lines shall be laid parallel with and on any public highway closer than fifteen feet from the improved section

thereof except with the approval and under the direction of the commissioners court of the county in which such public highway is located; and such other rights in the matter of laying pipes and pipe lines as are conferred by Article 1497, subject to the conditions, limitations and restrictions therein stated."

Article 6021, Vernon's Texas Annotated Civil Statutes, reads as follows:

"The right to run pipe lines, telegraph and telephone lines along, across or over any public road or highway can only be exercised upon condition that the traffic thereon be not interfered with, and that such road or highway be promptly restored to its former condition of usefulness, and the restoration thereof to be subject also to the supervision of the commissioners court or other proper local authority. In the exercise of the privileges herein conferred, such pipe lines shall compensate the county or road district, respectively, for any damage done to such public road. Nothing herein shall be construed to grant any pipe line company the right to use any public street or alley of any incorporated or unincorporated city or town, except by express permission from the governing body thereof."

Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State. 11 Texas Jurisprudence, pages 564-5.

The license granted by the county to the pipe line company shown above is subordinate to the paramount right of the county to construct, alter, repair and maintain the roads of the county. The law requires that the pipes and pipe lines be so buried and covered as not to interfere with the use and occupancy of roads and highways. (Art. 1497) The covering and burying of pipe lines to proper depths so as not to interfere with roads and highways is a legal duty of the pipe line company; it follows that the expense of such compliance is an expense chargeable to the pipe line company. Neither the law nor the license granted would make the county liable for such expense.

You are therefore respectfully advised that it is the opinion of this department under the facts stated in your letter,

that the commissioners' court of Polk County, Texas, has no authority to pay the claim described in your letter.

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS

                              By /s/ Wm. J. Fanning
                              Wm. J. Fanning, Assistant

APPROVED JUN 8, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

WJF:AW:wb